## J. B. McElwaine, Owner, etc., Plff. in' Err., v. Charles Brown.

'A grant under seal to several persons, their heirs and assigns, of the exclusive right to bore or mine for oil or minerals 'on premises owned in fee by the grantor "to have and to hold the said rights and privileges hereunto granted, with the appurtenances, unto the said parties of the second part, their heirs, executors, administrators, and assigns for twenty years, or so long as the said parties of the second part use it for the purpose of producing oil or minerals or gas," passes only a leasehold estate.

Such an estate is subject to the special lien law of April 8, 1868, P. L. 752.

(Argued May 25, 1887. Decided Oct. 3, 1887.)

July Term, 1887, No. 24, E. D., before Mercur, Ch. J., Gordon, Trunkey, Sterrett, and Clark, JJ. Error to the Common Pleas of Warren County to review a judgment on a verdict for the plaintiff in an action of scire facias sur mechanics' lien. Affirmed.

This was a mechanics' lien filed February 27, 1886, by Charles Brown against a leasehold described by metes and bounds in Mead township, Warren county, and the property, fixtures, and improvements described, for $257.25, the price of seventy-three and a half days' labor at drilling, done upon the leasehold within the preceding thirty days for J. B. McElwaine, owner or reputed owner, and Milo White, contractor.

McElwaine held the premises by assignments to him, his heirs, and assigns, from H. P. Ridlesperger and others, lessees of J. K. Weaver by lease dated November 5, 1883, duly acknowledged and recorded.

This instrument, for a consideration therein specified, leased to the lessees, "their heirs and assigns, the exclusive right to bore or mine for Seneca oil or other minerals" on the premises, and proceeded as follows:

---

Note.—The right to file a mechanics' lien under this act was affirmed in Harley v. O'Donnell, 9 Pa. Co. Ct. 56, under a similar grant of the right to produce oil, so long as it should be found in paying quantities.

"Also the right to enter upon said premises, and occupy the same, or so much thereof as may be necessary to prospect, bore, mine, or otherwise search for, find, and procure Seneca oil or minerals, or gas, and as may be necessary for the erection of machinery, store houses, or other needed buildings, and the right to construct necessary roads to and from said buildings or premises, and the use thereof. Also the right to divide or subdivide into as many shares, parts, or subdivisions, either by undivided interests or by division and measurement on the ground, as the parties of the second part may elect, and the same to sell, assign, or transfer at pleasure.

"To have and to hold the said rights and privileges hereunto granted, with the appurtenances, unto the said parties of the second part, their heirs, executors, administrators, and assigns, for twenty years, or as long as the said parties of the second part use it for the purpose of producing oil or minerals, or gas; but if abandoned, said land to revert back to the party of the first part, their heirs, and assigns, but the parties of the second part to have the privilege of removing any buildings, machinery, etc., which they may have erected."

The act of assembly of April 8, 1868, P. L. 752, under which the plaintiff below claimed the right to file the lien, is as follows:

"Sec. 1. All persons furnishing materials for or about the erection, construction, or repair of any engine, engine-house, derrick, tank, machinery, or wood or iron improvement, or for or about any building which may be constructed, erected, or repaired upon any leasehold, lot or parcel of ground or material furnished, necessary for the improvement or development thereof, held by written lease for any term of years, and which shall or may be so constructed, erected or repaired by the tenants or lessees of said leased estate, or for them or for their use and benefit, shall have a lien upon all such engine or engines, material, machinery, buildings, tanks, wood or iron improvements, as may be upon or pertaining to said leasehold, lot or parcel of ground at the time such claim may be filed, as hereinafter provided, together with the lease, lot or parcel of ground on which the same is situated for the price and value of the materials so furnished; Provided, That the lien hereby given shall extend only as to such lease or lot to the interest of the lessee or lessees, tenant or tenants therein.

"Sec. 2. That all persons doing work for, on or about the erec-

tion, construction or repair of any engine, engine-house, tanks, derricks, building, machinery, wood or iron improvement, erected, constructed or repaired upon any leasehold estate as aforesaid, or for boring, drilling or mining on said lease or lot, for the development or improvement of the same, whether such labor is or may be done by the day, month or year, or by contract, for the tenant or tenants, lessee or lessees of such lot or lease of parcel of land, or for their use and benefit, shall have a lien upon the personal property and fixtures on said lot or lease of ground, and upon such lot or leasehold itself, for the price and value of such work and labor: Provided, That such lien shall extend as to said lot or leasehold only to the interest of the tenant or tenants, lessee or lessees thereon: Provided, further, That this act shall not apply to debts such as aforesaid, where the same is of less amount than $25."

At the trial the verdict was for the plaintiff for $272.68, subject to a reserved point as to whether the interest of McElwaine was such as to be subject to the lien under the act of 1868.

Upon entering judgment for the plaintiff on the point reserved the court below filed substantially the following opinion:

The lien filed is for work and labor under the provision of § 2 of "an act relating to the liens of mechanics, materialmen, and laborers upon leasehold estates and property thereon in the county of Venango" (P. L. 1868, p. 752), extended to Warren county. P. L. 1869, p. 410.

The question reserved is whether the lease or agreement from J. K. Weaver to Ridlesperger and others given in evidence and dated November 5, 1883, vested such an interest in the lessees and those holding under them as to render the same subject to plaintiff's lien.

By the agreement the lessees acquired nothing but the right to work the land for oil, minerals, etc. They acquired no estate in the land or minerals; the right was to search for oil, etc., and if found to take it, rendering the one eighth to the lessor. 53 Pa. 229. Thompson's Appeal, 101 Pa. 232.

By whatever name the rights of the lessees may be designated, it seems clear that they have not, as defendant claims, any freehold estate in the premises. They have the right to occupy so much of the land as is necessary in prosecuting the work of finding and producing oil and minerals, including the erection of

buildings and machinery and the building of roads.    This right, unless abandoned, is to continue to the lessees, their heirs, executors, administrators, and assigns for the term of twenty years, or "as long as said parties of the second part use it for the purpose of producing oil or minerals or gas."

Under the words quoted the defendant claims that the right of the lessees may extend beyond the twenty years and for the life of the original lessees; and hence that the interest is not such a leasehold estate as is subject to lien under the act of 1868.

In support of this claim we are referred to numerous decisions wherein language of similar import has been held to vest an interest in the lessee greater than a leasehold.    Also to decisions of our own supreme court holding that a lease for a given number of years, with an added agreement that the lessee shall have a right to purchase on specified terms, vests in him such an interest as is subject to judgment and mechanics' lien under the act of 1836.    If it be conceded that under the lease or agreement in this case the lessees take an interest of the nature of a freehold, and such as would be bound by the lien of a judgment, we do not think it follows that the agreement may not be also regarded as a lease for years.    Had Weaver, by one paper, leased the premises to Ridlesperger for the term of twenty years, and by another stipulated that if he continued the same for the purpose of producing oil, he should have it for life, could it be claimed that the last paper destroyed or even qualified the first? And if not, is not the case the same when the two agreements are in one paper?

In the case of a lease for years, with a right in the lessee to purchase, we think liens may be entered against both the leasehold and the equitable right of purchase,—that is, by a laborer under the act of 1868 against the leasehold and property thereon, and by the mechanic and materialman under the act of 1836 against the equitable right to purchase.

Upon the question before us we treat the agreement in suit as a lease for twenty years—subject, it is true, to continue for such indefinite time longer as the lessees use it for the purpose of producing oil, etc., but none the less a leasehold estate.

In the case of Dame's Appeal, 62 Pa. 417, Justice SHARSWOOD, commenting on the very act of 1868, under the provisions of which the lien in suit is entered, says the act is not "a penal but a remedial one, and should have a fair and liberal interpre-

tation in advancement of the remedy contemplated and provided by the legislature."

Taking into consideration the law as it stood before the act of 1868, and the security the act was intended to give the laborer for his work (especially for the boring, drilling, or mining for oil, etc.), we are inclined to the belief that the act gives to the laborer a lien in all cases where the lessee has the exclusive right to occupy for mining purposes only, upon terms of rendering a certain part of the proceeds as royalty or rent, and this whether such right is limited to a specified number of years, or is unlimited in duration; but we do not think it necessary to decide this in the matter pending.

And now, March 28, 1887, on payment of the jury fee the prothonotary will enter judgment on the verdict in favor of the plaintiff.

The assignments of error specified the action of the court in not striking off the lien, and in entering judgment on the verdict.

*Samuel T. Neill,* for plaintiff in error.—The lien as filed does not comply with the act of assembly, in that it fails to state that which is a proper matter of description, to wit: the character of the term held by the defendant. What kind of a leasehold is nowhere stated in the lien as filed, whether held by written lease or by parol does not appear, whether for "term of years" or at will is only a matter of inference. The lien filed should, upon its face, be self sustaining. This lien law is a proceeding purely statutory, and in derogation of the common law; and the lien itself, like the complaint in a landlord and tenant proceeding, should show everything necessary to support it. Leinbach v. Kaufman, 1 Sad. Rep. 12, and cases cited.

The estate of the defendant is not a chattel interest merely and within the terms of the act of assembly. A lien upon a freehold cannot be sustained under the act. Dorsey's Appeal, 72 Pa. 192.

While in Dame's Appeal, 62 Pa. 417, words were used from which it can be said this special lien law should receive a liberal construction, yet from the facts of that case a most rigid construction was put upon the act by this court.

Esterley's Appeal, 54 Pa. 192, held that all such acts should receive a strict construction.

While the word "lease" is used in the premises of this deed, it has been decided that such use of words has no controlling influence. Delaware, L. & W. R. Co. v. Sanderson, 109 Pa. 583, 58 Am. Rep. 743, 1 Atl. 394.

The chattel interest defined in the *habendum* is not only inconsistent with that mentioned in the granting clause in the premises, but inconsistent with the alternative interest defined in the *habendum* itself. The word "heirs" is always the operative word in creating a fee, and being found in this conveyance in the premises or granting clause, it controls and determines the character of the estate. 2 Bl. Com. 298; Wager v. Wager, 1 Serg. & R. 374; Tyler v. Moore, 42 Pa. 387.

The farthest the rule has been carried by which an estate in fee in the premises has been reduced in the *habendum* is the case of Moss v. Sheldon, 3 Watts & S. 160, where the fee was reduced to a freehold not of inheritance.

The term "twenty years" must be disregarded. If the duration of a tenancy is left optional, by the terms of the lease, without saying at whose option, it means at the option of the lessee who has the right of choosing; and in all cases of uncertainty the tenant is most favored by law. Taylor, Land. & T. § 81; Arms v. Burt, 1 Vt. 303, 18 Am. Dec. 680, cited in 1 Am. Lead. Cas. Sharswood & B.'s ed. p. 54.

The estate created by the term "as long as said parties of the second part use it for the purpose of producing oil or minerals or gas" is a conditional fee. Hurd v. Cushing, 7 Pick. 169; Folts v. Huntley, 7 Wend. 210; Effinger v. Lewis, 32 Pa. 370. See also 18 Pick. 527; Kier v. Peterson, 41 Pa. 357; Funk v. Haldeman, 53 Pa. 229; Thompson's Appeal, 101 Pa. 232; Scheetz v. Fitzwater, 5 Pa. 126, 2 Am. Lead. Cas. Sharswood & B.'s ed. p. 11.

"A base or qualified fee is such a one as has a qualification subjoined thereto, and which must be determined whenever the qualification annexed to it is at an end." 2 Bl. Com. 109.

"A proprietor of a qualified or base fee has the same rights and privileges over his estate till the contingency upon which it is limited occurs, as if he were tenant in fee simple." Walsingsham's Case, 2 Plowd. 557, cited with approval in Chitty's Notes on Blackstone.

The grantee had, by this conveyance, more than a chattel

interest; they had a freehold. Their estate was subject to the lien of a judgment. Ely v. Beaumont, 5 Serg. & R. 124.

And hence there is no necessity for giving these mechanics' lien creditors a special lien.

If, however, it is thought that this estate for years under the terms of this lease still remains in these grantees with the right of acquiring a freehold superadded thereto, it is still doubtful about the right to file a leasehold lien. Gaule v. Bilyeau, 25 Pa. 523.

A mechanics' lien can only be given by virtue of express terms of an act of assembly. It cannot be given or extended by judicial construction. Hancock's Appeal, 115 Pa. 1, 7 Atl. 773.

*O. C. Allen* and *Geo. H. Higgins,* for defendant in error.— No precise form of words is necessary to constitute a lease; any words which show an intent to convey by their own operation the possession of certain specified land for a limited time will suffice to create a term of years. 2 Am. Lead. Cas. Sharswood & B.'s ed. pp. 30, 37, 42; Watson v. O'Hern, 6 Watts, 362; Moore v. Miller, 8 Pa. 283; Offerman v. Starr, 2 Pa. St. 394, 44 Am. Dec. 211; Greenough's Appeal, 9 Pa. 18.

The privilege granted in the premises by the instrument in question is the exclusive right to bore or mine for Seneca oil or other minerals. "Also the right to enter upon said premises, and occupy the same or so much thereof as may be necessary to prospect, bore, mine, or otherwise search for, find, and procure Seneca oil, or minerals, or gas," etc.

This clearly does not give the lessees any interest in the oil, gas or minerals until they are brought to the surface. Thompson's Appeal, 101 Pa. 225; Funk v. Haldeman, 53 Pa. 229; Johnstown Iron Co. v. Cambria Iron Co. 32 Pa. 241, 72 Am. Dec. 783; Offerman v. Starr, 2 Pa. St. 395, 44 Am. Dec. 211.

A deed must be so construed, if possible, that no part shall be rejected. Tyler v. Moore, 42 Pa. 374.

The object of all construction is to ascertain the intent of the parties, and it must have been their intent to have some meaning in every part. Wager v. Wager, 1 Serg. & R. 374.

In answer to the first assignment of error, *viz.,* "That the court erred in not striking off the lien filed in this case," we say that it is not a final judgment, but only interlocutory, and a writ of error does not lie. Keemer v. Herr, 12 W. N. C. 90.

PER CURIAM:

The agreement of November 5, 1883, was, by the court below, properly held to be a lease, and that the premises were subject to the special lien act of April 8, 1868.

Judgment affirmed.